# In the United States Court of Federal Claims

No. 23-203C
Filed: March 30, 2023
NOT FOR PUBLICATION

**BERNARD GELB,**

   *Plaintiff*,

v.

**UNITED STATES,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

  The plaintiff, Bernard Gelb, acting *pro se*, filed this action against the United States, acting through the Defense Finance and Accounting Services ("DFAS"). The plaintiff alleges that he and DFAS agreed to a Freedom of Information Act ("FOIA") contract, in which the plaintiff agreed to pay a fee in exchange for receipt of documents he requested from DFAS under the FOIA, 5 U.S.C. § 552.

  Even if the complaint is construed liberally, the plaintiff has not demonstrated the existence of subject-matter jurisdiction in the Court of Federal Claims over his claims. Although the plaintiff characterizes his claims as arising under a contract, the claims more plausibly implicate the timeliness requirements of the FOIA. The FOIA requires such claims to be filed in federal district courts, not the Court of Federal Claims. Transfer of this case to the United States District Court for the District of Columbia is therefore appropriate.

**I. BACKGROUND**

  At this stage of the case, the facts alleged in the plaintiff's complaint are assumed to be true. This summary of the facts does not constitute findings of fact but is simply a recitation of the plaintiff's allegations.

  The plaintiff alleges that on March 11, 2021, he requested that DFAS produce "stale-dated outstanding check lists for all – Outstanding and Unpresented Checks not submitted for payment for businesses, contractors, suppliers and vendors checks issued and payable in the years 2017, 2018, 2019, and 2020 that are still outstanding and unpaid." (Compl. ¶ 12 (capitalization in original).)

On April 15, 2021, DFAS sent the plaintiff a document in which DFAS agreed to produce the requested documents if the plaintiff paid a fee of $4,608.  (*Id.* ¶¶ 13-14.)  On October 6, 2021, the plaintiff indicated his "willingness to pay" the fee in exchange for DFAS's production of the documents.  (*Id.* ¶¶ 15-18.)  The plaintiff has not attached this exchange of letters to the complaint.

The plaintiff alleges that, through this exchange of letters with DFAS, he effected a contract with DFAS because the parties "had a mutual intent to contract including an offer on April 15, 2021, an acceptance on October 6, 2021, and consideration [of the plaintiff's] 'willingness to pay' $4,608.00 fee for the stale-dated outstanding checks listings."  (*Id.* ¶ 19.)

The plaintiff alleges that by failing to produce the documents, DFAS has breached the contract and caused the plaintiff damages of more than $10,000.  (*Id.* ¶¶ 27-36.)  The plaintiff also alleges that the defendant "has breached the covenant of good faith and fair dealing by failure to cooperate, obstructed and stonewalled compliance of the contract as part of a scheme to deprive the Plaintiff of the benefit of its bargain with specific intent to get [ ] rid of Plaintiff."  (*Id.* ¶ 42.)  The plaintiff seeks a "money judgment in an amount according to proof at trial" and the costs of the suit.  (*Id.* ¶ 43.)

The plaintiff filed the complaint on February 9, 2023.  On February 21, 2023, the Court directed the plaintiff to show cause why the case should not be transferred to the U.S. District Court for the Eastern District of New York, which has subject-matter jurisdiction over the plaintiff's claims arising under the FOIA.

The plaintiff responded on February 23, 2023.  The plaintiff argued that all elements of an express contract were met, and that the Court of Federal Claims, not the district court, therefore had subject-matter jurisdiction over the case pursuant to the Tucker Act.  The defendant responded on March 21, 2023, arguing that district courts have sole jurisdiction over the claims raised by the plaintiff.  The plaintiff filed a reply brief on March 27, 2023, reasserting his arguments that a valid contract was formed between the plaintiff and the United States, and that he was seeking damages pursuant to that contract.

The Court held a telephonic hearing on the order to show cause on March 30, 2023.

## II.    STANDARD OF REVIEW

The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence.  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  To determine jurisdiction, the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Id.*  When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true.  *Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  A federal court is not "'restricted to the

face of the pleadings'" in resolving disputed jurisdictional facts. *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest a *pro se* plaintiff of the burden to demonstrate that the allegations of the complaint satisfy the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

### III.  JURISDICTION

The Tucker Act provides the Court of Federal Claims with "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act "generally vests the Court of Federal Claims with jurisdiction to render judgment in government contract disputes," *PSEG Nuclear, L.L.C. v. United States*, 465 F.3d 1343, 1349 (Fed. Cir. 2006), but "the existence of a contract does not always mean that Tucker Act jurisdiction exists." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1365 (Fed. Cir. 2021). The Court of Federal Claims does not have jurisdiction over government contract disputes when "Congress grants exclusive jurisdiction over a contract dispute to another court." *PSEG Nuclear*, 465 F.3d at 1349. When the claims at issue implicate an agency's authority under a statute that is not money-mandating rather than the allegedly breached contract provision, the Court of Federal Claims lacks jurisdiction to resolve the claims. *Id.* at 1349-50.

The FOIA requires agencies to "make records promptly available to any person" upon request so long as the request "reasonably describes such records and . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FOIA grants agencies the authority to promulgate regulations regarding fees. *Id.* § 552(a)(4)(A)(i). The FOIA provides specific time limits for agency responses to FOIA requests. *Id.* § 552(a)(6). The FOIA also specifies the appropriate courts for timeliness disputes arising under the FOIA:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding

>agency records and to order the production of any agency records improperly withheld from the complainant.

*Id.* § 552(a)(4)(B).

The plaintiff's allegations fail to make out the existence of a contract. Rule 9(k) of the Rules of the Court of Federal Claims provides: "In pleading a claim founded on a contract of treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies. In lieu of a description, the party may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions." The plaintiff has neither attached a copy of the "FOIA Contract" to his complaint nor described with specificity the contract provisions on which he relies.

Additionally, by informing the plaintiff of the need to pay for the search and production of the documents requested under the FOIA, DFAS was merely complying with the requirements of the statute and its implementing regulations. That request for payment does not constitute an offer to contract with the plaintiff. DFAS was simply informing the plaintiff of the costs and obtaining his consent to proceed under the FOIA. Statutes are presumed not to create contractual rights. *Nat'l R.R. Passenger Corp. v. Atchison Topeka Santa Fe Ry. Co.*, 470 U.S. 451 (1985). To overcome that presumption and determine that a contact has arisen from compliance with a statute, "courts first look to the language of the statute." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1382 (Fed. Cir. 2019). The FOIA does not contain any of the indicative language courts have relied on to find the existence of a contract based on compliance with a statute. *See id.*

Even assuming for the sake of argument that the plaintiff has alleged the existence of a contract by agreeing to pay a fee in return for DFAS promising to produce to him the requested documents, the plaintiff's claim falls outside the jurisdiction of the Court of Federal Claims.

The FOIA governs agencies' production of records to public parties upon request. The plaintiff challenges the timeliness of DFAS's production of the documents he requested as a breach of a "FOIA Contract." The plaintiff's claim necessarily implicates the time limit imposed by the FOIA rather than a breach of contract. *See* 5 U.S.C. § 552(a)(6). The supposed offer from DFAS is not alleged to have promised the plaintiff the production of the documents under any deadline. The plaintiff is imputing the FOIA's deadline as an element of the contract, but that imputation contravenes the presumption of *National Railroad Passenger Corporation, supra*. Further, nowhere in the supposed offer from DFAS to the plaintiff has the defendant indicated a willingness to waive its sovereign immunity and pay contract damages for a "breach" of the alleged "contract."

The plaintiff's claim must be taken as one to enforce the defendant's obligations under the FOIA. Congress has specified that only federal district courts have jurisdiction to render judgment in disputes arising out of the FOIA. *Id.* § 552(a)(4)(B). The FOIA is not money-mandating, and the Court of Federal Claims lacks subject-matter jurisdiction over claims arising under the FOIA. *E.g.*, *Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017).

The plaintiff argues that his request for money damages rather than injunctive relief brings his claim within the ambit of the Tucker Act, making the exercise of subject-matter jurisdiction appropriate. In *Boaz Housing Authority*, the Federal Circuit explained that when relief for breach of contract could be non-monetary (*i.e.*, specific performance), "the court may require a demonstration that 'the agreement[ ] could fairly be interpreted as contemplating monetary damages in the event of breach.'" 994 F.3d at 1365 (quoting *Higbie v. United States*, 778 F.3d 990, 993 (Fed. Cir. 2015)). The plaintiff has not demonstrated that the alleged FOIA contract contemplates monetary damages for DFAS's failure to respond to the plaintiff in a timely manner. In general, "no money damages are available under FOIA. The sole remedy available to a requester is injunctive relief—the court can compel an agency to produce documents or enjoin an agency from improperly withholding documents." *Roman v. Nat'l Reconnaissance Off.*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013).

The plaintiff relies on *Rogers v. Executive Office for United States Attorneys*, 2019 WL 1538252, Civil Action No. 18-454, at *8-11 (D.D.C. Apr. 9, 2019), for the proposition that "the sole remedy for a **breach of a FOIA Contract Claim** by the federal government for money damages, falls within the purview of the Tucker Act, 28 U.S.C. § 1491(a)(1) (2018) and jurisdiction is the United States Court of Federal Claims." (Pl.'s Reply at 4 (emphasis in original).)

In that case, however, "the plaintiff effectively waived his right to disclosure of the requested documents pursuant to the FOIA upon execution of [a] Settlement Agreement." *Rogers*, 2019 WL 1538252, at *5. In this case, the plaintiff has not alleged the existence of any agreement apart from the alleged FOIA contract. Moreover, the district court's interpretation in *Rogers* of the subject-matter jurisdiction of the Court of Federal Claims under the Tucker Act was an incomplete summary not necessary to the decision in that case. The district court in *Rogers* decided only that it lacked subject-matter jurisdiction; it did not affirmatively hold that the Court of Federal Claims had jurisdiction, and its brief reference to the Tucker Act is *dictum* limited to the distinct facts of that case. *Id.* at 6.

The plaintiff also analogizes this case to *Fisher v. United States*, 128 Fed. Cl. 780 (2016). In *Fisher*, another judge of this court exercised subject-matter jurisdiction in a dispute arising out of contracts for paid access to court records through PACER. *Id.* at 785. In that case, however, although a statute authorized the Administrative Office of the United States Courts to administer the PACER program, the statute did not specify the court in which subject-matter jurisdiction was proper and did not preclude the Court of Federal Claims from exercising jurisdiction. *Id.* at 785-86 (analyzing 28 U.S.C. § 1913).

The FOIA, by contrast, specifies the appropriate courts with jurisdiction over disputes arising out of that statute. The Federal Circuit has consistently held that the Court of Federal Claims lacks subject-matter jurisdiction over claims implicating the FOIA. *See Frazier*, 683 F. App'x at 940; *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007); *Conner v. United States*, 641 F. App'x 972, 975 (Fed. Cir. 2016); *Terio v. United States*, 104 F. App'x 174, 174 (Fed. Cir. 2004).

The plaintiff also argues that jurisdiction in the Court of Federal Claims is proper because the plaintiff has alleged that DFAS has breached the implied covenant of good faith and fair dealing. "The covenant of good faith and fair dealing is an implied duty that each party to a *contract* owes to its *contracting partner*." *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005) (emphasis added). In considering such a claim, a court must "take account of the particular contract at issue in considering a claim of breach of the good-faith-and-fair-dealing duty implicit in that contract." *Metcalf Constr. Co., Inc. v. United States*, 742 F.3d 984, 992 (Fed. Cir. 2014). In the absence of a contract reviewable in the Court of Federal Claims, the plaintiff's claim that DFAS breached the implied covenant of good faith and fair dealing cannot stand on its own. This claim does not provide an independent basis for subject-matter jurisdiction.

In sum, the Court of Federal Claims lacks subject-matter jurisdiction over the plaintiff's claim arising under the FOIA. Even accepting the plaintiff's allegation that the plaintiff and DFAS have formed a contract, the plaintiff's claims are predicated on the FOIA, which specifies the courts in which subject-matter jurisdiction is proper.

### IV. TRANSFER

When a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987).

The plaintiff has alleged a nonfrivolous claim that DFAS has failed to comply with the requirements of the FOIA. That claim should thus be decided on the merits by a court of competent jurisdiction. *See id.* The plaintiff has expressed a preference for transferring the case to the U.S. District Court for the District of Columbia. (Pl.'s Resp. at 7.) The plaintiff could have filed his claim in that court in the first instance. *See* 28 U.S.C. § 1631; 5 U.S.C. § 552(a)(4)(B). Accordingly, transfer to the U.S. District Court for the District of Columbia is appropriate.

### V. CONCLUSION

The Court lacks subject-matter jurisdiction over the plaintiff's claims. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631 and to close the case.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**